US DISTRICT COURT FOR THE WESTERN DISTRICT<br>WESTERN DIVISION

| | |
|---|---|
| TAMMY LORRAINE LUKECART,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF INDEPENDENCE, MISSOURI,<br>CITY OF SUGAR CREEK, MISSOURI,<br>CHRISTOPHER SOULE, BRAD HALSEY,<br>BRENDAN BUCHANAN, VICTOR<br>CONTRERAS and DARREN SPADE<br><br>                Defendants. | CASE NO. 4:20-cv-00139-NKL |

## DEFENDANTS CITY OF INDEPENDENCE, MISSOURI, BRAD HALSEY, BRENDAN BUCHANAN AND DARREN SPADE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Defendants City of Independence, Missouri, Brad Halsey, Brendan Buchanan and Darren Spade (hereinafter the "Answering Defendants"), by counsel and for their answer and affirmative defenses to Plaintiff's Complaint for Damages, state and allege as follows:

### JURISDICTION AND VENUE

1. Answering Defendants deny ¶¶ 1, 2 and 3 of Plaintiff's Complaint for Damages.

### PARTIES

2. Answering ¶ 4 of Plaintiff's Complaint for Damages, Answering Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

3. Answering Defendants admit ¶ 5 of Plaintiff's Complaint for Damages.

4. Based on information and belief, Answering Defendants admit ¶ 6 of Plaintiff's Complaint for Damages.

5. Answering ¶ 7 of Plaintiff's Complaint for Damages, Answering Defendants, upon information and belief, admit only Christopher Soule was the Chief of Police at the Sugar Creek Police Department and a Missouri citizen. All other allegations are denied.

6. Answering ¶ 8 of Plaintiff's Complaint for Damages, Answering Defendants admit only Brad Halsey is the Chief of Police at the Independence Police Department and a Missouri citizen. All other allegations are denied.

7. Answering ¶ 9 of Plaintiff's Complaint for Damages, Answering Defendants admit only Brendan Buchanan is a police officer at the Independence Police Department and a Missouri citizen. All other allegations are denied.

8. Answering ¶ 10 of Plaintiff's Complaint for Damages, Answering Defendants admit only Darren Spade is a police officer at the Independence Police Department and a Missouri citizen. All other allegations are denied.

9. Answering ¶ 11 of Plaintiff's Complaint for Damages, Answering Defendants admit only, upon information and belief, that Victor Contreras was a police officer at the Sugar Creek Police Department and a Missouri citizen. All other allegations are denied.

10. Answering ¶ 12 of Plaintiff's Complaint for Damages, Answering Defendants state the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against the City, the same are denied.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11. Answering ¶ 13 of Plaintiff's Complaint for Damages, Answering Defendants incorporate by reference their responses to ¶¶ 1-12 of Plaintiff's Complaint as if fully set forth herein.

12. Answering Defendants admit ¶ 14 of Plaintiff's Complaint for Damages.

13. Answering Defendants deny ¶¶ 15 and 16 of Plaintiff's Complaint for Damages.

14. Answering ¶ 17 of Plaintiff's Complaint for Damages, Answering Defendants admit only that Buchanan activated his emergency lights and that Dakota Lukecart fled, in an unlawful manner. All other allegations are denied.

15. Answering ¶ 18 of Plaintiff's Complaint for Damages, Answering Defendants admit that Dakota Lukecart drove in an erratic manner and at an illegal rate of speed in order to avoid detention and arrest. All other allegations are denied.

16. Defendants admit ¶ 19 of Plaintiff's Complaint for Damages.

17. Answering ¶ 20 of Plaintiff's Complaint for Damages, Answering Defendants state the allegation is vague, and therefore state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

18. Answering Defendants deny ¶ 21 of Plaintiff's Complaint for Damages.

19. Answering Defendants admit ¶¶ 22 and 23 of Plaintiff's Complaint for Damages.

20. Answering ¶ 24 of Plaintiff's Complaint for Damages, Defendants admit only that Dakota Lukecart attempted to run over or strike the officers with his vehicle requiring and justifying the officers to use that force reasonably necessary under the circumstances to stop the threat. All other allegations are denied.

21. Answering Defendants deny ¶¶ 25, 26, 27, 28 and 29 of Plaintiff's Complaint for Damages.

22. Answering ¶ 30 of Plaintiff's Complaint for Damages, Answreing Defendants admit they acted under color of law but deny Plaintiff has stated a claim for relief.

# CLAIMS FOR RELIEF

## COUNT I. VIOLATION OF 42 U.S.C. §1983-WRONGFUL DEATH

(All Defendants)

23. Answering ¶ 31 of Plaintiff's Complaint for Damages, Answering Defendants incorporate by reference their responses to ¶¶ 1-30 of Plaintiff's Complaint as if fully set forth herein.

24. Answering Defendants deny ¶¶ 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42 and 43 of Plaintiff's Complaint for Damages.

25. Answering Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

26. Answering Defendants deny each and every allegation and averment made and contained in Count I of Plaintiff's Complaint for Damages not specifically admitted or otherwise addressed herein.

27. Answering Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

## COUNT II—VIOLATION OF 42 U.S.C. §1983-USE OF EXCESSIVE FORCE

(Against Defendants Buchanan, Contreras and Spade)

28. Answering ¶ 44 of Plaintiff's Complaint for Damages, Answering Defendants incorporate by reference their responses to ¶¶ 1-43 of Plaintiff's Complaint as if fully set forth herein.

29. Answering Defendants deny ¶¶ 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 and 55 of Plaintiff's Complaint for Damages.

30. Answering Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

31. Answering Defendants deny each and every allegation and averment made and contained in Count II of Plaintiff's Complaint for Damages not specifically admitted or otherwise addressed herein.

32. Answering Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

### COUNT III-VIOLATION OF 42 U.S.C. § 1983-FAILURE TO TRAIN

(Against Defendants Independence, Sugar Creek, Soula & Halsey)

33. Answering ¶ 56 of Plaintiff's Complaint for Damages, Answering Defendants incorporate by reference their responses to ¶¶ 1-55 of Plaintiff's Complaint as if fully set forth herein.

34. Answering Defendants deny ¶¶ 57, 58, 59, 60, 61, 62, 63 and 64 of Plaintiff's Complaint for Damages.

35. Answering Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

36. Answering Defendants deny each and every allegation and averment made and contained in Count III of Plaintiff's Complaint for Damages not specifically admitted or otherwise addressed herein.

37. Answering Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

### COUNT IV-WRONGFUL DEATH-MISSOURI LAW

(All Defendants)

38. Answering ¶ 65 of Plaintiff's Complaint for Damages, Answering Defendants incorporate by reference their responses to ¶¶ 1-64 of Plaintiff's Complaint as if fully set forth herein.

39. Answering Defendants deny ¶¶ 66, 67, 68, 68, 69, 70, 71, 72 and 73 of Plaintiff's Complaint for Damages.

40. Answering Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

41. Answering Defendants deny each and every allegation and averment made and contained in Count IV of Plaintiff's Complaint for Damages not specifically admitted or otherwise addressed herein.

42. Answering Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

## AFFIRMATIVE DEFENSES

43. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state Plaintiff's Complaint for Damages fails to state facts sufficient to constitute a cause of action and fails to state a claim upon which relief can be granted such that the same should be dismissed at Plaintiff's costs.

44. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state that any of Plaintiff's constitutional claims against them based upon the doctrine of *respondeat superior* or vicarious liability fail to state a claim upon which relief can be granted and should be dismissed at Plaintiff's costs.

45. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state to the extent Plaintiff's Complaint attempts to state any cause of action under Missouri State law, Answering Defendants are protected from liability by virtue of Missouri's sovereign immunity statute, §537.600, *et seq.*, R.S.Mo., official immunity and/or the public duty doctrine.

46. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants specifically deny Plaintiff's claims are actionable inasmuch as there is no evidence or allegation that the alleged governmental misconduct was the result of deliberate indifference by Answering Defendants.

47. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state, at all times relevant hereto, they were acting under legal authority and in good faith and as such, Plaintiff's claims herein are barred.

48. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants, specifically denying Plaintiff's rights were violated, state Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, *res judicata,* collateral estoppel, issue preclusion and/or claim preclusion.

49. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state, specifically denying the conduct as alleged or characterized in the Complaint occurred, any such conduct as alleged is not reflective of an official policy or custom of the City.

50. In further answer to Plaintiff's Complaint for Damages and by way of Affirmative Defense, Answering Defendants, without admitting and specifically denying Plaintiff's Constitutional Rights were violated, state Plaintiff's damages, if any, and any and all such damages being steadfastly denied, were solely caused by Plaintiff's decedent Dakota Lukecart's own intentional and/or negligent acts and conduct, including, but not limited to, violating the Laws of Missouri, refusing to follow the lawful commands of the law enforcement personnel, fleeing a lawful detention, resisting a lawful arrest, and attempting to assault, batter or otherwise injure the law enforcement personnel, by using his vehicle as a weapon, and by his actions caused law

7

enforcement personnel apprehension of offensive contact or bodily harm, necessitating or requiring law enforcement personnel to use force during the arrest. *See Ysaguirre v. Hummert*, 667 S.W.2d 741 (Mo. App. 1984).

51. In further answer to Plaintiffs' Complaint for Damages and by way of Affirmative Defense, Answering Defendants allege and state Plaintiff's injuries and/or damages, if any, said injuries and/or damages being specifically denied, were the sole, direct and/or proximate result of the negligent or intentional acts and/or omissions of Plaintiff's decedent Dakota Lukecart or others over whom Answering Defendants had no control, such that the principles of sole cause, comparative and/or contributory fault and/or negligence should be applied to deny or diminish any recovery by Plaintiff. Dakota Lukecart, or the persons operating or occupying his motor vehicle, was negligent in, but not limited to, the following particulars:

    a. Failed to keep a careful lookout; and/or

    b. Failed to yield the right-of-way to oncoming traffic; and/or

    c. Failed to maintain his lane; and/or

    d. Operated his vehicle at an excessive and illegal speed under the circumstances; and/or

    e. Failed to stop when requested by law enforcement personnel and vehicles utilizing emergency lights and/or sirens; and/or

    f. Fled in his vehicle in the attempt to avoid and resist a lawful arrest; and/or

    g. Knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of serious injury to law enforcement personnel and others by attempting to use his car as a weapon and strike them in the attempt to flee and avoid detention or arrest.

52. In further answer to Plaintiffs' Complaint and by way of Affirmative Defense, the Answering Defendants state they acted with objective reasonableness under the circumstances then existing, and that such force was necessary to defend themselves and others from what they believed to be the use or imminent use of unlawful force by Plaintiff, and accordingly Answering Defendants' conduct was justified and/or authorized and/or permitted under both common law and §563.031 R.S.Mo.

53. In further answer to Plaintiffs' Complaint and by way of Affirmative Defense, the Answering Defendants state they used the amount of force they reasonably believed was immediately necessary to effect the arrest and/or to prevent the escape from custody of Plaintiff, and therefore their conduct was justified, authorized and appropriate under both common law and pursuant to §563.046 R.S.Mo.

54. In further answer to Plaintiff's Complaint for Damages and by way of Affirmative Defense, Answering Defendants, specifically denying Plaintiff's rights were violated, state Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, consent and/or self-defense.

55. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state Plaintiff's claims herein are barred, in whole or in part, because the alleged acts complained of herein were discretionary in nature and taken in good faith by the Answering Defendants and they are protected from liability by the doctrines of qualified immunity, official immunity, absolute legislative immunity and/or judicial immunity.

56. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants specifically deny that Plaintiff's rights were violated, and state that all acts taken with regard to Plaintiff, if any, were legally justified by statutory and common

law, and authorized by Missouri statute and federal law, were reasonable and necessary under the circumstances therein existing, and reasonably related to legitimate law enforcement interests.

57. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state they acted with objective reasonableness under the circumstances then existing, and their conduct was justified and/or privileged.

58. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state they are immune from liability by virtue of the Eleventh Amendment of the United States Constitution.

59. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, to the extent Plaintiff attempts to seek punitive damages against Answering Defendants, Answering Defendants state and allege that Plaintiff is not entitled to any punitive damage award against it for any one or more of the following reasons:

    a. The standards by which Answering Defendants' conduct is to be determined as alleged by Plaintiff is vague and wholly arbitrary, and as such, denies due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

    b. The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendants of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

    c. Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution are applicable;

d. Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

e. Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

f. Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Answering Defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

g. Plaintiff's request for punitive damages cannot protect Answering Defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

h. An award of punitive damages would violate Answering Defendants' due process rights under the United States Constitution as well as be in violation of the United States Supreme Court's decision in *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991);

i. To the extent Answering Defendants are being sued in their representative or official capacity, Plaintiff is not entitled to any punitive damage award against them because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247(1981).

j. To the extent Answering Defendants are being sued for tort claims under State law, punitive damages against governmental entities are prohibited and/or barred by §537.610 R.S.Mo.

k. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 8;

l. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 9;

m. An award of punitive damages would violate provisions of the Constitution, including Article I, Section 10;

n. An award of punitive damages would violate provisions of the Constitution of the United States, including Article III, Section 2;

o. An award of punitive damages would violate provisions of the 1945 Constitution of Missouri, including, but not limited to, Article I, Bill of Rights, Sections 2, 10, 13, 19, 21 and 22; and

p. Missouri Revised Statute Section 510.265(1) and the Missouri Approved Jury Instructions relating to punitive damages are unconstitutional and deprive Answering Defendants of Due Process of Law and Equal Protection of Law in that: (1) they fail to contain adequate substantive, procedural and instructional safeguards, thereby permitting juries to base punitive damages on impermissible evidence and upon acts, conduct and/or defects that do not and cannot form a constitutionally sound basis for the award of punitive damages; (2) the award of punitive damages is not tied to specifically proven items of damages; and, (3) the upper limit of recoverable punitive damages is the same regardless of the degree of culpability or the nature of the conduct, permitting and mandating the same award in cases not involving actual malice as can be awarded in the cases of the most egregious conduct. In the context of the holdings of the United States Supreme Court in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (U.S. 2008), the amount of any punitive damage

award should be limited to an amount not exceeding the amount of compensatory damages (if any) awarded in this action. The unpredictability of high punitive awards is in tension with their punitive function because of the implication of unfairness that an eccentrically high punitive verdict carries.

60. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state Plaintiff's claimed damages should be denied or dismissed based on a failure to mitigate her damages, if any, said damages being specifically denied.

61. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants, specifically denying Plaintiff's rights were violated, state Plaintiff's claims herein are barred and should therefore be denied and/or dismissed for Plaintiff's failure to exhaust administrative remedies.

62. In further answer to Plaintiff's Complaint for Damages and by way of Affirmative Defense, Answering Defendants state that any request by Plaintiff for joint and several liability should be denied or otherwise dismissed until it is judicially determined any Defendant is fifty-one percent (51%) or more at fault for Plaintiff's damages, all said damages being expressly denied, under §537.067 R.S.Mo.

63. In further answer to Plaintiff's Complaint for Damages and by way of Affirmative Defense, Answering Defendants state they are entitled to a reduction or setoff for any amount that has been paid or may be paid to Plaintiff in settlement by any co-Defendant, or other person or entity pursuant to §537.060 R.S.Mo.

64. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants state the Complaint should be dismissed and/or denied due to the expiration of the applicable statutes of limitation, § 537.100 R.S.Mo. and §516.130 R.S.Mo.

65. In further answer to Plaintiff's Complaint for Damages and by way of affirmative defense, Answering Defendants hereby incorporate, as if fully set forth herein, each and every applicable affirmative defense raised by any other defendant to the extent the defenses are not contrary to the defenses raised herein by Answering Defendants.

66. Defendants reserve the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

## JURY DEMAND

Defendants also demand a jury trial.

WHEREFORE, Defendants the City of Independence, Missouri, Brad Halsey, Brendan Buchanan and Darren Spade, having fully answered Plaintiff's Complaint for Damages and asserted their affirmative defenses thereto, respectfully pray that Plaintiff take naught by her Complaint and that the same be denied and/or dismissed; judgment be entered in favor of Defendants, and at Plaintiff's costs; for their attorney's fees as prevailing party, pursuant to 42 U.S.C. § 1988; and for any such other relief as this honorable Court deems necessary and proper in the premises.

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ Christopher L. Heigele
Steven F. Coronado          MBN 36392
Christopher L. Heigele      MBN 45733
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Telephone:  (816) 531-7200
Facsimile:   (816) 531-7201
scoronado@batyotto.com
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing was electronically filed with the Court on March 5, 2020, causing a service copy to be sent electronically to:

| | |
|---|---|
| Malia Parnell   MBN 51210<br>David Dyson Smith MBN 51598<br>SMITH & PARNELL, LLC<br>700 Cherry Street<br>Columbia, MO 65201<br>Telephone:  (573) 442-4646<br>Fax:  (573) 442-4646<br>Malia@smithandparnell.com<br>david@smithandparnell.com<br>Attorneys for Plaintiff | David S. Baker                   MBN 30347<br>Fisher, Patterson, Sayler & Smith, LLP<br>9229 Ward Parkway, Suite 370<br>Kansas City, MO 64114<br>Telephone: (816) 523-4667<br>Facsimile: (816) 523-5667<br>dbaker@fisherpatterson.com<br>ATTORNEY FOR DEFENDANTS CITY OF SUGAR CREEK, MISSOURI, CHRISTOPHER SOULE, AND VICTOR CONTRERAS |

          /s/ Christopher L. Heigele
          Attorney for Defendants